PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 30 FIREARMS,<br><br>Defendant. | CASE NO.  1:17-MC-00029-EPG<br><br>**UNDER SEAL**<br><br>**EX PARTE MOTION TO EXTEND TIME TO FILE COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE; [PROPOSED] ORDER** |

The United States moves the Court for good cause to extend the time in which the United States is required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture from November 17, 2017, to May 16, 2018, pursuant to 18 U.S.C. § 983(a)(3)(A).

**BACKGROUND**

On December 7, 2016, an agent with the Federal Bureau of Investigation (FBI) and an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) interviewed Bryan Patrick Bartucci (hereafter "Bartucci") at the Fresno ATF Field Office.

Agents escorted Bartucci into the interview room where two photos of previous controlled purchases conducted by an ATF agent acting in undercover capacity were in plain view on the interview room table.

Agents issued Bartucci his Miranda rights.  Bartucci stated that he was willing to talk without a lawyer present and signed the consent section of the FBI FD-395 "Advise of Rights" form.

During the interview, Bartucci admitted to always buying and selling firearms as a hobby.  Bartucci explained that he would "buy it, shoot it, and sell it."  Bartucci admitted to selling firearms to the undercover ATF agent because he seemed to Bartucci to be an "up dude."  Bartucci stated that he was going to school and that when money was tight he would "sell off a few things just to keep the money going."  Bartucci said he felt comfortable selling to the undercover agent because he did not appear to be a stereotypical "gangbanger" and looked like a "normal dude."  Bartucci sold guns for money to offset his unemployed status.  Bartucci explained that he would sell guns when faced with financial difficulties.

Bartucci did not know whether any of the guns he sold were stolen.  Bartucci said that he did not purchase firearms from a Federal Firearms Licensee (FFL) without completing the required paperwork. Bartucci did not know of any FFLs who sold firearms "off the books" and that the only deal he had with the FFLs was that Bartucci would be called when an FFL received a firearm on consignment to see if Bartucci had an interest in purchasing the firearm.

Agents asked Bartucci how he paid when he completed the State of California Dealer Report of Sales (DROS).  Bartucci said that he paid $35, but if he was doing multiple guns, then he would be charged one $35 fee for all of the guns.

Agents asked Bartucci why he did not complete proper firearms transactions if he knew how to complete them in proper form.  Bartucci answered that he was in need of money, and that each time completed a deal he was aware that it was wrong.

Agents asked Bartucci how many guns he sold on Backpage, a classified advertising website which offers a wide variety of classified listings including vehicles, jobs, and real estate.  Bartucci said that he sold on Backpage, but an FFL completed the transactions; he did not know how many sales he made through Backpage.  Bartucci admitted to selling and trading firearms with an individual he met through Backpage who lives in Madera, California.

Bartucci informed agents that he had two firearms that he had paid for and was planning to pick them up on December 9, 2016.  Agents advised Bartucci not to acquire the firearms and to have an FFL put the firearms on consignment.

The ATF presently has an ongoing criminal investigation involving Bryan Bartucci and other known associates.

The ATF sent written notice of intent to forfeit as required by 18 U.S.C. § 983(a)(1)(A). On or about February 16, 2017, Claimant filed a claim challenging the forfeiture of the Defendant Firearms. The time for any person to file a claim to the property under 18 U.S.C. § 983(a)(2)(A)-(C) has expired. No other person, other than Claimant, has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

The United States' deadline to initiate civil forfeiture proceedings against the Defendant Firearms is May 17, 2017. The United States requests that the Court extend the deadline, for good cause, 180 days, or until May 16, 2018.

## ANALYSIS

Title 18 United States Code section 983(a)(3)(A) states:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, **except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.**
> *Id.* (emphasis added).

The government may move *ex parte* for an order extending the deadline to file a civil complaint or return an indictment alleging forfeiture. *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1141-44 (9th Cir. 2008). Good cause to extend the deadline includes a concern that the civil case will adversely affect a criminal investigation. *United States v. $140,000.00 in U.S. Currency*, 2007 WL 2261650 (E.D.N.Y. 2007); *see also United States v. Funds in the Amount of Fifteen Thousand Dollars*, 2006 WL 1049663 (N.D. Ill. 2006) (approving of three extensions to extend the deadline ex parte and under seal while grand jury investigation was ongoing to protect the secret nature of grand jury proceedings).

Under 18 U.S.C.§ 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause, the United States is required to file a complaint for forfeiture against the property or to obtain an indictment no later than May 17, 2017. If the United States fails to do so, it is required to release the property and may not take any further action to effect the civil forfeiture of the Defendant Firearms.

The United States asserts that there is good cause to extend the date to May 16, 2018, because the United States has an ongoing criminal investigation regarding the conduct that gave rise to the forfeiture of

3

the Defendant Firearms.  The filing of a civil forfeiture complaint could compromise the ongoing grand jury investigation because the probable cause set forth in the complaint may reveal the nature and extent of the criminal investigation.  If the time is not extended and the United States returns the property to the Claimant, there is no assurance that the property will be available for forfeiture.

## CONCLUSION

For the foregoing good cause, the United States respectfully requests that the Court further extend the period in which the United States is required to file a complaint against the Defendant Firearms and/or to obtain an indictment alleging that the property is subject to forfeiture until May 16, 2018.

Respectfully submitted,

Dated:  November 3, 2017
PHILLIP A. TALBERT
United States Attorney

 /s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant United States Attorney

**Exhibit A**

1. Smith & Wesson M&P 9 Shield Pistol Cal: 9 SN: HWB1094 (17-ATF-003350),
2. Harrington and Richardson 088 Shotgun Cal:12 SN: BA495001 (17-ATF-003354),
3. Sig-Sauer P229 Pistol Cal:40 SN: AG10404 (17-ATF-003355),
4. Mossberg 930 Shotgun Cal: 12 SN: AF204897 (17-ATF-003356),
5. Beretta, Pietro S.P.A. 92FS Pistol Cal: 9 SN: A026783Z (17-ATF-003357),
6. Aero Precision Inc. X15 Rifle Cal: Multi SN: AR72407 (17-ATF-003358),
7. Aero Precision Inc X15 Rifle Cal: Multi SN: AR89135 (17-ATF-003359),
8. Glock GMBH 19 Pistol Cal: 9 SN: WGV045 (17-ATF-003360),
9. Ruger 10/22 Takedown Rifle Cal: 22 SN: 0003-27516 (17-ATF-003361),
10. Century Arms International C308 Sporter Rifle Cal: 308 SN: C30 (17-ATF-003362),
11. Ruger 10/22 Rifle Cal: 22 SN: 0002-96989 (17-ATF-003363),
12. Beretta, Pietro S.P.A. 96A1 Pistol CAL:40 SN:A54216M (17-ATF-003365),
13. Marlin Firearms Co 881 Rifle CAL:22 SN:05432406 (17-ATF-003366),
14. Glock GMBH 26 Pistol Cal: 9 SN: XCX975 (17-ATF-003370),
15. Browning Buckmark Pistol Cal: 22 SN: 515ZV16041 (17-ATF-003371),
16. Marlin Firearms Co XT-22 Rifle Cal: 22 SN: MM49719C (17-ATF-003372),
17. Smith & Wesson 3913 Pistol Cal: 9 SN: TJC7165 (17-ATF-003373),
18. Ruger Mini 14 Rifle Cal: 223 SN: 185-67465 (17-ATF-003374),
19. Remington Arms Company, Inc 870 Magnum Shotgun Cal: 12 SN: W70 (17-ATF-003375),
20. CZ (Ceska Zbrojovka) CZ75 B Pistol Cal: 9 SN: B834166 (17-ATF-003376),
21. Marlin Firearms Co 60 Rifle Cal: 22 SN: 22342594 (17-ATF-003377),
22. Mossberg 835 Shotgun Cal: 12 SN: UM631726 (17-ATF-003378),
23. Remington Arms Company, Inc 870 Shotgun Cal:12 SN: RS95512C (17-ATF-003379),
24. Century Arms International Centurion UC-9 Rifle Cal: 9 SN: GMT (17-ATF-003380),
25. Palmetto State Armory PA-15 Rifle Cal: Multi SN: PA061646 (17-ATF-003381),
26. Russian Mosin Nagant Rifle Cal: 762 SN: 9130486403 (17-ATF-003382),
27. Glock GMBH 22 Pistol Cal: 40 SN: YLX811 (17-ATF-003383),

28. Glock GMBH 34 Pistol Cal: 9 SN: ULK617 (17-ATF-003384),

29. Remington Arms Company Inc 870 Super Mag Shotgun Cal: 12 SN: A (17-ATF-003385), and Unknown Manufacturer Unknown Model Rifle Cal: 762 SN: A48517 (17-ATF-003386).

**ORDER**

The Court finds the United States has shown good cause for such an extension because the United States has an ongoing criminal investigation regarding the conduct which gave rise to the forfeiture. Accordingly, it is:

**ORDERED**, under 18 U.S.C. § 983 (a)(3)(A)-(C), that the date by which the United States is required to file a complaint for forfeiture against the property and/ or obtain an indictment alleging that the property is subject to forfeiture is extended to May 16, 2018.

IT IS SO ORDERED.

Dated: **November 8, 2017**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE