McGREGOR W. SCOTT
United States Attorney
ERIN M. SALES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 30 FIREARMS,<br><br>Defendant. | CASE NO. 1:17-MC-00029-EPG<br><br>EX PARTE MOTION TO UNSEAL CASE AND TO EXTEND TIME TO FILE COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN INDICTMENT ALLEGING FORFEITURE; [PROPOSED] ORDER |

The United States, by and through its undersigned counsel, hereby respectfully requests that this case be unsealed and moves, for good cause, for a ninety-day extension of time to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture pursuant to 18 U.S.C. § 983(a)(3)(A).

**BACKGROUND**

On December 7, 2016, an agent with the Federal Bureau of Investigation ("FBI") and an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") interviewed Bryan Patrick Bartucci (hereafter "Bartucci") at the Fresno ATF Field Office.

Agents escorted Bartucci into the interview room where two photos of previous controlled purchases conducted by an ATF agent acting in undercover capacity were in plain view on the interview room table.

1

Ex Parte Motion to Unseal Case and to Extend Time to
File Complaint for Forfeiture and/or to Obtain
Indictment Alleging Forfeiture; [Proposed] Order

Agents issued Bartucci his Miranda rights. Bartucci stated that he was willing to talk without a lawyer present and signed the consent section of the FBI FD-395 "Advise of Rights" form.

During the interview, Bartucci admitted to always buying and selling firearms as a hobby. Bartucci explained that he would "buy it, shoot it, and sell it." Bartucci admitted to selling firearms to the undercover ATF agent because he seemed to Bartucci to be an "up dude." Bartucci stated that he was going to school and that when money was tight he would "sell off a few things just to keep the money going." Bartucci said he felt comfortable selling to the undercover agent because he did not appear to be a stereotypical "gangbanger" and looked like a "normal dude." Bartucci sold guns for money to offset his unemployed status. Bartucci explained that he would sell guns when faced with financial difficulties.

Bartucci did not know whether any of the guns he sold were stolen. Bartucci said that he did not purchase firearms from a Federal Firearms Licensee (FFL) without completing the required paperwork. Bartucci did not know of any FFLs who sold firearms "off the books" and that the only deal he had with the FFLs was that Bartucci would be called when an FFL received a firearm on consignment to see if Bartucci had an interest in purchasing the firearm.

Agents asked Bartucci how he paid when he completed the State of California Dealer Report of Sales (DROS). Bartucci said that he paid $35, but if he was doing multiple guns, then he would be charged one $35 fee for all of the guns.

Agents asked Bartucci why he did not complete proper firearms transactions if he knew how to complete them in proper form. Bartucci answered that he was in need of money, and that each time completed a deal he was aware that it was wrong.

Agents asked Bartucci how many guns he sold on Backpage, a classified advertising website which offers a wide variety of classified listings including vehicles, jobs, and real estate. Bartucci said that he sold on Backpage, but an FFL completed the transactions; he did not know how many sales he made through Backpage. Bartucci admitted to selling and trading firearms with an individual he met through Backpage who lives in Madera, California.

///

///

Ex Parte Motion to Unseal Case and to Extend Time to File Complaint for Forfeiture and/or to Obtain Indictment Alleging Forfeiture; [Proposed] Order

Bartucci informed agents that he had two firearms that he had paid for and was planning to pick them up on December 9, 2016. Agents advised Bartucci not to acquire the firearms and to have an FFL put the firearms on consignment.

The ATF sent written notice of intent to forfeit as required by 18 U.S.C. § 983(a)(1)(A). On or about February 16, 2017, Claimant filed a claim challenging the forfeiture of the Defendant Firearms. The time for any person to file a claim to the property under 18 U.S.C. §§ 983(a)(2)(A)–(C) has expired. No other person, other than Claimant, has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

The United States respectfully requests that this case be unsealed and that the Court further extend the deadline to file a complaint for forfeiture for a period of ninety days.

**ANALYSIS**

Title 18, United States Code, Section 983(a)(3)(A), states:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, *except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.*

*Id.* (emphasis added). The government may move *ex parte* for an order extending the deadline to file a civil complaint or return an indictment alleging forfeiture. *United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1141–44 (9th Cir. 2008).

Pursuant to the Court's order dated May 9, 2018, the United States must file a complaint for forfeiture against the Defendant Firearms or obtain an indictment alleging forfeiture no later than November 14, 2018. If the United States fails to do so, it is required to release the Defendant Firearms and may not take any further action to effect the civil forfeiture of the Defendant Firearms.

It is the United States' position that the seal in this case is no longer necessary. The United States and the Claimant are working toward a stipulation for consent judgment in this matter. The United States therefore seeks, for good cause, a ninety-day extension of time to file a complaint for forfeiture against the Defendant Firearms. At such time that the extension should expire, the United States should have resolved this matter with any Claimant and/or will have brought an action for forfeiture against the

Ex Parte Motion to Unseal Case and to Extend Time to File Complaint for Forfeiture and/or to Obtain Indictment Alleging Forfeiture; [Proposed] Order

Defendant Firearms.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this case be unsealed and that the Court further extend the period in which the United States is required to file a complaint against the Defendant Firearms and/or to obtain an indictment alleging that the Defendant Firearms are subject to forfeiture for a period of ninety days.

Dated: November 13, 2018　　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　By:　/s/ Erin M. Sales
　　　　　　　　　　　　　　　　　　　ERIN M. SALES
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

## [PROPOSED] ORDER

The Court finds the United States has shown good cause for such an extension. The United States also represents that the seal in this case is no longer necessary. Accordingly, it is:

**ORDERED**, that this case be unsealed and that the date by which the United States is required to file a complaint for forfeiture against the property and/or obtain and indictment alleging that the property is subject to forfeiture is hereby extended to February 12, 2019.

Dated: 11/13/18

　　　　　　　　　　　　　　　　　　Hon. ERICA P. GROSJEAN
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4

Ex Parte Motion to Unseal Case and to Extend Time to
File Complaint for Forfeiture and/or to Obtain
Indictment Alleging Forfeiture; [Proposed] Order