PHILLIP A. TALBERT
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY 30 FIREARMS,<br><br>　　　　　　Defendant. | CASE NO. 1:17-MC-00029-EPG<br><br>STIPULATED MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT FOR FORFEITURE AND/OR OBTAIN INDICTMENT ALLEGING FORFEITURE |

　　　　The United States of America and Claimant Bryan Patrick Bartucci ("Claimant") hereby move, for good cause, for a sixty-four-day extension of time to file a complaint for forfeiture and/or to obtain an indictment or information alleging forfeiture pursuant to 18 U.S.C. § 983(a)(3)(A).

**BACKGROUND**

　　　　Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") served a federal search warrant at Claimant's residence on December 7, 2016. During the execution of the search warrant, agents located and seized approximately thirty firearms, for which twenty-eight firearms are the subject of forfeiture as discussed more fully herein (hereinafter the "Defendant Firearms"). Later that day, an ATF agent and an agent with the Federal Bureau of Investigation ("FBI") interviewed Claimant at the Fresno ATF Field Office. Agents escorted Claimant into the interview room where two photos of

previous controlled purchases conducted by an ATF agent acting in undercover capacity were in plain view on the interview room table.

The United States alleges that after being given his Miranda rights, Claimant admitted to always buying and selling firearms as a hobby.  Claimant explained that he would "buy it, shoot it, and sell it."  Claimant admitted to selling firearms to the undercover ATF agent because he seemed to Claimant to be an "up dude."  Claimant stated that he was going to school and that when money was tight, he would "sell off a few things just to keep the money going."  Claimant sold guns for money to offset his unemployed status.  Claimant explained that he would sell guns when faced with financial difficulties.  Claimant is not licensed by the ATF to engage in the business of dealing firearms, however, nor was he at the time of any of his firearms sales to the undercover ATF agent.

The United States further alleges that agents asked Claimant how he paid when he completed the State of California Dealer Report of Sales.  Claimant said that he paid $35, but if he was doing multiple guns, then he would be charged one $35 fee for all the guns.  Agents asked Claimant why he did not complete proper firearms transactions if he knew how to complete them in proper form.  Claimant answered that he needed money, and that each time he completed a deal he was aware that it was wrong.  Claimant also admitted that he sold guns on Backpage, a classified advertising website which offers a wide variety of classified listings including vehicles, jobs, and real estate, but said a Federal Firearms Licensee completed the transactions.  He did not know, however, how many sales he made through Backpage.

The ATF thereafter sent written notice of intent to forfeit the Defendant Firearms as required by 18 U.S.C. § 983(a)(1)(A).  On or about February 16, 2017, Claimant filed a claim challenging the forfeiture of the Defendant Firearms.  The time for any person to file a claim to the property under 18 U.S.C. §§ 983(a)(2)(A)–(C) has expired.  No other person, other than Claimant, has filed a claim to the Defendant Firearms as required by law in the nonjudicial civil forfeiture proceeding.

On December 3, 2018, Claimant signed a Deferred Prosecution Agreement (hereinafter the "Agreement") in the related criminal matter, which provides that the United States will recommend to the Court, pursuant to 18 U.S.C. § 3161(h)(2), that prosecution of Claimant be deferred for a period of no more than eighteen (18) months.  The Agreement further provided that if Claimant is in full

compliance with all of his obligations under the Agreement, upon the expiration of the eighteen-month period, the United States will seek dismissal with prejudice, as to Claimant, of the information to be filed in the related criminal matter.  Claimant violated this Agreement.

On November 14, 2019, Claimant was indicted in a separate, but related, criminal action.  The criminal case of *United States v. Bryan Bartucci*, 1:19-CR-00244-ADA-BAM is set for a motion hearing on January 17, 2023.

Accordingly, the United States and Claimant respectfully request that the Court further extend the deadline to file a complaint for forfeiture of the Defendant Firearms for a period of sixty-four days pending resolution of the violated Agreement and the current criminal case.

## ANALYSIS

Title 18, United States Code, Section 983(a)(3)(A), states:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, *except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.*

*Id.* (emphasis added).

Pursuant to the Court's order dated September 21, 2022, the United States is required to file a complaint for forfeiture against the Defendant Firearms or obtain an indictment alleging forfeiture no later than December 8, 2022.  If the United States fails to do so, it is required to release the Defendant Firearms and may not take any further action to effect the civil forfeiture of the Defendant Firearms.

In light of the January 17, 2023 hearing, the parties seek, for good cause, a 64-day extension of time to file a complaint for forfeiture against the Defendant Firearms or obtain an indictment or information alleging forfeiture.  At such time that the extension should expire, the United States will either request a further extension of time while the criminal cases remain pending, or the United States will have brought an action for forfeiture against the Defendant Firearms or obtained an indictment or information alleging forfeiture.

///

///

# CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court further extend the period in which the United States is required to file a complaint against the Defendant Firearms and/or to obtain an indictment or information alleging that the Defendant Firearms are subject to forfeiture for a period of 64 days, until February 10, 2023.

Respectfully submitted,

Dated:  December 1, 2022   PHILLIP A. TALBERT
United States Attorney

By:   /s/ Alyson A. Berg
ALYSON A. BERG
Assistant United States Attorney


Dated:  December 1, 2022   /s/ Reed Grantham
Reed Grantham
Attorney for Claimant
Bryan Patrick Bartucci

# ORDER

For the reasons set forth in the parties' stipulation, the Court extends the period in which the United States is required to file a complaint against the Defendant Firearms and/or to obtain an indictment or information alleging that the Defendant Firearms are subject to forfeiture for a period of 64 days, until February 10, 2023.

IT IS SO ORDERED.

Dated:  **December 1, 2022**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

Stipulated Motion for Extension of Time to File Complaint for Forfeiture and/or to Obtain Indictment Alleging Forfeiture